# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | Case No.: 2:11-cr-00165-RLH-GWF |
|---|---|---|
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion for New Trial– #223) |
| BRENT EDWARD LOVETT, | ) | |
| Defendant. | ) | |

Before the Court is Defendant Brent Edward Lovett's **Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33** (#223, filed on May 24, 2013). The Court has also considered Plaintiff United States' ("Government") Opposition (#224, filed May 24, 2013), and Defendant's Reply (#228, filed May 30, 2013). For the reasons discussed below, the Court denies Defendant's motion.

## BACKGROUND

This is a criminal case for one count of bank fraud against Defendant Brent Edward Lovett arising from Defendant's application of a commercial real estate loan with Lockheed Federal Credit Union ("Lender"). The indictment charged that Defendant falsified records and documents to induce Lockheed into lending Defendant's company $7,500,000.00. (#1). On

1

1   February 27, 2013, a jury returned a guilty verdict on the one count of bank fraud. (#197). This
2   Court has already denied Defendant's prior motion for new trial based on Federal Rule of Criminal
3   Procedure 29. (#211).

**DISCUSSION**

5   Defendant moves this Court to grant him a new trial based on newly discovered
6   evidence. The Government objects on the basis that the evidence is not newly discovered, is
7   immaterial, and is cumulative. The Government also argues the evidence is solely to impeach and
8   is not exculpatory. Defendant replies reiterating the same points made in his motion and requesting
9   a new trial "so that the complete story can be told."

10  Federal Rule of Criminal Procedure 33 allows the Court to "vacate any judgment
11  and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  A criminal
12  defendant must satisfy a five-part test in order to prevail on a motion for a new trial: "(1) the
13  evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the
14  result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues
15  at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence
16  must indicate that a new trial would probably result in acquittal." *United States v. Harrington*, 410
17  F.3d 598, 601 (9th Cir. 2005)(quoting *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.
18  1991)).

**I. Newly Discovered Evidence**

20  Defendant argues that the files, contained in the 149 pages in support of his motion,
21  were unknown to him and that he had no reason to believe the files existed. Defendant argues that
22  while he was cleaning and moving to get ready for sentencing, he came across the files concerning
23  the loan application. The files include emails and original signed documents sent to the lender. The
24  Government counters arguing that, of the 149 pages submitted as "newly discovered," 98 pages
25  were produced by the Government in discovery. The remaining 51 pages were emails to which
26  Defendant was a participant, sender or recipient. Defendant responds that he "was not looking for

these files, and did not have knowledge that emails were actually sent to and from Claire Davis and others." Moreover, Defendant responds that the files "were in storage" and not in his possession.

Upon careful review of the 149 submitted pages, the Court finds there is no newly discovered evidence and the Government characterization is accurate. The large majority of the documents were produced by the Government in discovery. (Gov't Opp., #224, Ex.1). The remaining pages consist of emails to which Defendant was the sender or recipient. By being the sender or recipient, Defendant knew or should have known about their existence and contents. Therefore, the attached pages are not newly discovered evidence warranting a new trial.

**II. Lack of Diligence**

Defendant asserts that he has exercised reasonable diligence and searched "time and time again for details concerning the case." However, the Court cannot concur with Defendant's characterization of the alleged "new" evidence. First, as Defendant was the sender or recipient of the emails, Defendant knew or should have known about their existence and contents. Moreover, Defendant offers no explanation as to why he has access now to documents in "storage" but did not before. Even if the attached pages were found recently, Defendant had the opportunity to look through the same storage he looked through to find these pages and should have found the same prior to trial. Therefore, the Court finds Defendant's failure to discover the evidence sooner is a result of his own lack of diligence.

**III. Materiality of Evidence**

Defendant argues the content of the attached pages is relevant and material because it "clearly shows a pattern of who controlled this loan, and that all documents in question were sent during a time that the Defendant was not in Las Vegas, and or control of Equity." The Government counter argues that the emails that were not produced in discovery make reference to moving office supplies, other potential lenders, prior litigation, city planning, and title insurance, none of which are relevant to the crimes alleged in the indictment. In response, Defendant admits

that it "might be the case" that "many of the emails are not material to the issues at trial," but that "they go to tell the whole story of what happen[ed]."

First, Defendant essentially admits the attached emails are immaterial. Second, the Government's characterization of the emails is accurate; the emails relate to irrelevant matters such as identification of potential lenders, litigation, and insurance. Last, the Court's review of the documents makes clear that the attached pages are immaterial and would do nothing more than confuse the issue of whether Defendant committed bank fraud by falsifying records and documents. Therefore, the Court finds the evidence is not material.

**IV. Cumulative or Impeaching Nature of the Evidence**

Defendant argues the "new evidence is not merely impeaching." But rather that he "seeks to introduce evidence he contends impeaches the credibility of the Lender and the key witness Claire Davis." However, "evidence that would merely impeach a witness cannot support a motion for a new trial." *Kulczyk*, 931 F.2d at 549. Regardless, even if the evidence were not to merely impeach the credibility of witnesses, as discussed above the evidence is immaterial. Moreover, to the extent it has already been produced, the Court finds the evidence is cumulative of other discovery.

**V. Result in Acquittal**

Defendant argues the evidence would result in acquittal. However, as the Court has already held the evidence is not new or exculpatory, the Court cannot agree that the evidence would result in acquittal. As the Court has held in its Order, the "new" evidence does not show that Defendant did not author or cause emails to be sent, or that Defendant did not falsify documents to induce the Lender to fund the loan. Balanced against the extensive amount of circumstantial evidence produced at trial, the Court finds the "new" immaterial evidence would not result in acquittal.

Therefore, Defendant has not convinced this Court a new trial is warranted or in the interest of justice. Thus, the Court denies the motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant' Motion for a New Trial (#223) is DENIED.

Dated: June 3, 2013.

_____
**ROGER L. HUNT**
**United States District Judge**