UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:11-CR-165 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| BRENT EDWARD LOVETT, | |
| Defendant(s). | |

Presently before the court is defendant Brent Edward Lovett's motion for release on recognizance pending review. (ECF No. 300). The government has filed a response (ECF No. 301), and defendant has filed a reply (ECF No. 302).

Also before the court is defendant's motion for leave to file excess pages in support of his 28 U.S.C. § 2255 petition. (ECF No. 298). The government did not file a response to this motion. Although the petition appears to be mixed with extensive recitations of the record and is of considerable length, it possesses an organized structure and contains intelligible arguments. *See* (ECF No. 298-3); *see also* LR 7-2(d). That motion will be granted.

After a seven-day trial, defendant was convicted of one count of bank fraud, 18 U.S.C. § 1344, on February 27, 2013. (ECF No. 197).

On April 5, 2013, Judge Hunt denied defendant's motion to dismiss the indictment and enter a judgment of acquittal or for a new trial. (ECF No. 211). On May 29, 2013, that court sentenced defendant to a 98-month term of custody and a five-year term of supervised release. (ECF Nos. 226, 229). On August 8, 2016, the Ninth Circuit affirmed the conviction (ECF No. 292), and the Supreme Court denied defendant's petition for a writ of certiorari (ECF No. 297).

On April 19, 2017, Judge Mahan began presiding over the instant case. (ECF No. 299).

James C. Mahan
U.S. District Judge

Lovett asks that this court release him from custody on his own recognizance pursuant to 18 U.S.C. § 3143(b) until his habeas petition is adjudicated. (ECF No. 300). Lovett discusses his "perfect record" while incarcerated and argues that his 73-point habeas petition raises substantial issues that merit his release pending that petition's adjudication.[1] (*Id.* at 5–11).

Moreover, Lovett argues that personal and familial health issues merit his release. (*Id.*). Specifically, he asserts that he has celiac disease and that he suffers from sigmoid diverticulosis stemming "from complications due to celiac[] disease." (*Id.* at 13). He also posits that seven family members have passed away in recent years, his mother "is in the final days of life" due to "squamous cell carcinoma," and his sister broke bones in her upper body by falling into a construction trench. (*Id.* at 14).

Ultimately, defendant states that he hopes to take care of his mother and sister upon release. (*Id.*).

The government responds by citing Ninth Circuit case law suggesting that the circuit has not determined if "district courts have the authority to grant bail pending resolution of a habeas petition." *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016). Additionally, the government points out that Lovett has "provide[d] no support" for the existence of his personal ailments and that his family's difficulties are not extraordinary circumstances because "it is not at all uncommon for the families of convicted felons to suffer when they are incarcerated." (ECF No. 301 at 5).

Lovett's reply that *McCandless* discussed a state prisoner convicted in state court is incorrect. (ECF No. 302). Like here, that case involved a federal prisoner's submission of a 28 U.S.C. § 2255 habeas petition. *McCandless*, 841 F.3d at 821.

Next, Lovett also incorrectly suggests that his § 2255 petition's sheer volume of alleged errors is conclusive that there is a substantial question that threatens his conviction. *See* (ECF No. 302). Defendant has also made his health concerns clear but has not indicated his administrative

---

[1] Although the government's response to the motion for release discusses how some of the habeas petition's arguments are "plainly" without merit, the government had the opportunity to file a response to defendant's motion for leave to file excess pages and failed to do so. (ECF No. 301 at 4 n.1). At this point, the government is free to fully elucidate its arguments regarding the merits of defendant's submission in its response to the habeas petition.

efforts to find relief. *See* (ECF No. 300). Finally, defendant's cited portion of 18 U.S.C. § 3143 refers to a defendant's release upon appellate—not collateral—review.

In sum, Lovett's motion for release pending review of his habeas petition is unpersuasive.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for release on recognizance pending review (ECF No. 300) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for leave to file excess pages (ECF No. 298) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant shall have thirty (30) days from the date of this order to file his habeas petition with the court.

IT IS FURTHER ORDERED that the government shall have forty-five (45) days from the date defendant files the petition to submit a response.

IT IS FURTHER ORDERED that the defendant shall have twenty-one (21) days from the date the government files its response to file his reply.

DATED May 24, 2017.

*[signature]*
UNITED STATES DISTRICT JUDGE